151 So. 427

## PHŒNIX BUILDING & HOMESTEAD ASS'N v. MALONEY et ux.

### No. 32591.

Oct. 30, 1933.

Rehearing Denied Nov. 27, 1933.

Harold J. Moore, of New Orleans, for relatrix.

Delville H. Theard, of New Orleans, for respondent Phœnix Building & Homestead Ass'n.

ROGERS, Justice.

The relatrix, Mrs. Netta Villermin, wife of Robert J. Maloney, alleges that on November 30, 1931, the Phœnix Building & Homestead Association obtained an order for executory process against her and her husband in the Twenty-fourth judicial district court for the parish of Jefferson.

That she sought to enjoin the proceeding on various grounds, which she sets forth,

and, under date of January 16, 1932, obtained a restraining order on her application for an injunction.

That no attempt to secure a hearing on the order was made by the Phœnix Building & Homestead Association or by the sheriff, against whom it was directed, until July 18, 1933, when a notice was issued by the clerk of court that the "rule" was fixed for hearing on July 26, 1933. That the "rule" was not heard on that day at the request of counsel for Robert J. Maloney, not relatrix, on whom the notice had been served in the parish of Orleans. That no notice was served on relatrix at her residence in the parish of Jefferson.

That when the rule was called for hearing on July 31, 1933, Robert J. Maloney alone appeared and presented a letter from his personal counsel requesting a continuance so far as his client was concerned because of his inability to be present for the reasons set forth in the letter. That the court, upon objection by counsel for the homestead association, ruled that as Mr. Maloney had not sought the restraining order, he was not a party to the suit, and the case was ordered to be proceeded with, resulting in a denial of the injunction and the dismissal of relatrix' suit.

Relatrix alleges that the court was unauthorized to try the case without notice to her, as was done, and she refers to section 2 of Act No. 29 of 1924 in support of her allegation. The statutory provision reads, in part, as follows, viz.:

"Upon two days' notice to the party obtaining such temporary restraining order, the opposite party, or any other party in in-

terest, may, at any time, appear and move for the dissolution or the modification of such order, and in that event the court shall proceed to hear and determine the motion as expeditiously as the ends of justice may require. The court may, at any time, upon application of either party, or of any other party in interest, or upon its own motion, after like notice to either or both of the parties, or any other party in interest, as the circumstances may require, and after hearing, dissolve or modify any restraining order or preliminary writ of injunction theretofore issued by it."

Relatrix avers that the notice referred to in the statute is mandatory, and, as the court ruled he was not a party to the proceeding, that the notice served upon her husband was not binding upon her, the real party in interest. She also avers that neither the homestead association nor the sheriff ever filed any motion to dissolve the restraining order nor asked for its modification as provided by the statute.

Neither the respondent judge nor the respondent homestead association has made any return to relatrix' application, and, in view of the lack of any opposition thereto on the part of respondents, we are constrained to accept as true the averments of fact set forth in the application. This being the case, relatrix is clearly entitled to relief for which she prays.

Under the statutory provision hereinabove quoted, relatrix should have received the notice therein required of the proceeding in which the judgment was rendered dissolving the restraining order issued at her instance. Since she failed to receive such

notice, the judgment is invalid and must be set aside.

For the reasons assigned, the rule nisi herein issued is made peremptory, and, accordingly, it is now ordered that the judgment of Hon. L. Robert Rivarde, judge of the Twenty-fourth judicial district court for the parish of Jefferson, rendered on July 31, 1933, dissolving the restraining order obtained by relatrix and dismissing her suit, be annulled; and that the respondent judge, and the plaintiff Phœnix Building & Homestead Association be prohibited from further proceedings with respect thereto. Costs of the present application to be paid by the respondent Phœnix Building & Homestead Association.